**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RESVERATROL PARTNERS LLC

**DEFENDANTS**
JON MAYNE, individually and doing business as RESVERATROLBENEFITS.COM, and DOES 1 through 10, Inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
CHRISTOPHER NORGAARD (SBN 87996), LAW OFFICES OF CHRISTOPHER NORGAARD, 633 West Fifth Street, Suite 2600
Los Angeles, California 90071, Telephone: (213) 223-2030

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000 plus treble damages, etc.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce ICC Rates etc. | ☐ 140 Negotiable Instrument |  |  | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
|  | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) |  |  | **FORFEITURE PENALTY** |  |
| ☐ 490 Cable Sat TV |  | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 |  | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability |  | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities Commodities Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
|  |  | ☐ 360 Other Personal Injury | ☐ 441 Voting |  | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits |  | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
|  | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing Accommodations |  | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare |  | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act |  |  |  | ☐ 630 Liquor Laws | ☐ 863 DIWC DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck |  |
|  | **REAL PROPERTY** |  |  | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation |  |  | ☐ 660 Occupational Safety Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure |  | ☐ 446 American with Disabilities - Other |  | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** |  | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights |  |  |
|  | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  |  |  |

**FOR OFFICE USE ONLY:** Case Number: **CV09-6536**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Francisco |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Christopher Norgaard_  Date September 9, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

FILED
2009 SEP -9 PM 2: 03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

1  CHRISTOPHER NORGAARD (SBN87996)
2  LAW OFFICES OF CHRISTOPHER NORGAARD
   633 West Fifth Street
3  Suite 2600
   Los Angeles, California 90071
4  Telephone: (213) 223-2030
   Facsimile: (213) 223-2029
5  Email: cnorgaard@regentbc.com
6
7  Attorneys for Plaintiff RESVERATROL PARTNERS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESVERATROL PARTNERS LLC, | CASE NO. CV09-6536 FMC AJWx |
| Plaintiff, | COMPLAINT FOR: |
| v. | (1) LIBEL; |
| JON MAYNE, individually and doing business as RESVERATROLBENEFITS.COM, and DOES 1 through 10, Inclusive, | (2) DISPARAGEMENT;<br>(3) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT; and |
| Defendants. | (4) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 |
| | JURY TRIAL REQUESTED |

For its Complaint against defendant Jon Mayne, individually and doing business as Resveratrol.Benefits.com, plaintiff Resveratrol Partners LLC ("plaintiff") states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Court has original, subject matter jurisdiction of the Third Claim for Relief in this action under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the other claims for relief in this action (the First, Second and Fourth Claims for Relief) under 28 U.S.C. § 1367, because each of them is so related to the Third Claim for Relief that it forms

- 1 -
COMPLAINT

1. part of the same case and controversy under Article III of the United States Constitution.

2. This Court has personal jurisdiction over the defendant in this action, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to each of the claims for relief alleged herein occurred in this judicial district.

3. Plaintiff Resveratrol Partners LLC is a limited liability company organized under the laws of the State of Nevada, having its principal places of business in the States of Nevada and California, and doing business throughout the United States and, via the Internet, the world.

4. Defendant Jon Mayne is an individual doing business as ResveratrolBenefits.com throughout the United States, and, via the Internet, the world. Defendant Mayne developed and is an owner of the website ResveratrolBenefits.com. Defendant Mayne states on the said website that his address and telephone number are in San Francisco, California, but the said address and telephone number are in fact those of a United Parcel Service store. United Parcel Service has informed plaintiff that defendant Mayne does not have an account or mailbox at the said store.

5. Plaintiff is ignorant of the complete identities and roles of each of the defendants sued herein under the fictitious names Does 1 through 20. Each of the Defendants sued herein under the fictitious names of Does 1 through 20 has been and is aware of the false and misleading statements, and acts and conduct, of defendant Mayne alleged herein, and has participated in and directly and proximately caused such false and misleading statements, and acts and conduct, including without limitation by funding such false and misleading statements, and acts and conduct, by purchase of advertising and otherwise. Plaintiff is therefore informed and believes, and based thereon alleges, that each of the defendants named herein as Does 1 through 20 is responsible and liable in the same manner as defendant Mayne for each of the false and misleading statements, and acts and conduct, described herein, and is therefore jointly and severally liable to Plaintiff for all of the damages alleged herein, all as more fully set forth below. As to each of Does 1 through 20, Plaintiff will amend this Complaint when it ascertains its, his or her identity to set forth specifically that identity herein.

### FIRST CLAIM FOR RELIEF, FOR LIBEL

6. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set

forth in paragraphs 1 through 5 above.

7. Plaintiff Resveratrol Partners LLC ("Resveratrol Partners") is the sole developer, manufacturer and seller of Longevinex, which is the leading resveratrol dietary supplement sold in the United States. Resveratrol is a well-known phytoalexin produced by several plants under certain circumstances and also by chemical synthesis. When formulated and manufactured according to certain proprietary formulas and standards, such as in the product Longevinex, it has been shown to produce health benefits in mice and other animals, and in humans.

8. Defendant Jon Mayne maintains and publishes the ResveratrolBenefits.com website (the "Mayne Website") as a purported product review and evaluation service. In fact, however, Mayne and the Mayne Website have made and continue to make false and misleading statements about Longevinex and Resveratrol Partners, which are funded by, and are for the direct commercial benefit of, competitors of Resveratrol Partners. Defendant Mayne writes, edits and is responsible for the said false and misleading statements.

9. Among the said false and misleading statements on the Mayne Website have been and are the following. The Mayne Website posts a price for Longevinex that is more than twice the actual sales price of Longevinex. The Mayne Website also states that Longevinex is "less effective" than other, purportedly competitive products, and is "not truly effective," whereas in fact Longevinex is the only resveratrol product whose efficacy has been established by human and animal studies and by scientific research. The Mayne Website further states that "there are no truly free trials of Longevinex available," whereas in fact "free trials" are meaningless for a product to be taken over a period of months and years, and when purported "free trials" of competitive products have in fact been widely linked to deceptive practices including without limitation overbilling of consumers' credit cards.

10. Among the competitors of Resveratrol Partners who have funded and are funding the Mayne Website, for whose direct commercial benefit the Mayne Website has been and is maintained and published, and whose names and electronic links have been and are shown on the Mayne Website, have been and are companies making "free bottle offers" that have been the subject of thousands of complaints with Better Business Bureaus and that have resulted in consumers' credit cards being

1  charged for products not specifically ordered.

2  11. Defendant Mayne and the said competitors knew that the false and misleading statements on the Mayne Website about Resveratrol Partners and Longevinex were false and misleading at the time they were made and published.

12. As a result of its substantial research, product development, testing, and investment and expenditures of funds, as described in part in paragraph 7 above, Resveratrol Partners has built up substantial goodwill, business and reputation, all of which are immediately threatened with irreparable injury by the false and misleading statements, and acts and conduct, of defendant Mayne, as described above. Defendant Mayne and the said competitors made and are making the false and misleading statements, and have engaged and are engaging in the acts and conduct, described above with the specific intent of substantially and irreparably injuring the goodwill, business and reputation of Resveratrol Partners and Longevinex, for the direct and immediate commercial benefit of Mayne and the said competitors.

13. Indeed, Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. . .

14. The false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, have been and are being made and committed with oppression and malice, so as to require and justify an award of exemplary damages in favor of Resveratrol Partners in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF, FOR DISPARAGEMENT

15. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 14 above.

16. The false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors as described above constitute trade libel, in that defendant Mayne and the said competitors have made and continue to make false, injurious and derogatory statements about

1  Longevinex, which has caused and continues to cause Resveratrol Partners to suffer pecuniary damages.

2  17. The said disparagement by trade libel of defendant Mayne and the said competitors immediately threatens to irreparably and further injure the substantial goodwill, business and reputation of Resveratrol Partners, as described above. Defendant Mayne and the said competitors made the false and misleading statements, and engaged in the acts and conduct, described above with the specific intent of substantially and irreparably injuring the goodwill, business and reputation of Resveratrol Partners and Longevinex, for the direct and immediate commercial benefit of Mayne and the said competitors.

18. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000.

19. The false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, have been and are being made and committed with oppression and malice, so as to require and justify an award of exemplary damages in favor of Resveratrol Partners in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF, FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125)

20. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 19 above.

21. The false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, have been and are being made and committed by them in connection with their goods and services, in interstate commerce, and include use of the Longevinex trademark and name, and the Resveratrol Partners name, and false and misleading descriptions and representations of fact about Longevinex and Resveratrol Partners. The said false and misleading descriptions and representations have been and are being used by defendant Mayne and the said competitors in commercial advertising and promotion, have willfully and intentionally misrepresented the nature, characteristics and qualities of Longevinex and of the services and commercial activities of

Resveratrol Partners, and continue to willfully and intentionally misrepresent the nature, characteristics and qualities of Longevinex and of the services and commercial activities of Resveratrol Partners, all in violation of the Lanham Act, 15 U.S.C. § 1125.

22. Longevinex is, and has been since December 13, 2005, a mark registered by Resveratrol Partners with the United States Patent and Trademark Office.

23. The false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described in paragraph 21 above, immediately threaten to further and irreparably injure the substantial goodwill, business and reputation of Resveratrol Partners, as described above.

24. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendant Mayne and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. Pursuant to 15 U.S.C. § 1117(a), plaintiff is also entitled to an award of treble damages and of defendant Mayne's profits from the false and misleading statements, and the acts and conduct, of defendant Mayne as described above, and to an award of all of its reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

**FOURTH CLAIM FOR RELIEF, FOR UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

25. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 24 above.

26. The false and misleading statements, and acts and conduct, of defendant Mayne and the said competitors as described above have constituted and do constitute unfair competition under California Business & Professions Code Section 17200, because they have included and do include unlawful, unfair and fraudulent business acts and practices, and unfair, deceptive, untrue and misleading advertising and acts.

27. The said unfair competition by defendant Mayne and the said competitors, as described above, immediately threatens to further and irreparably injure the substantial goodwill, business and

reputation of Resveratrol Partners, as described above.

28. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the unfair competition of defendant Mayne and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. Pursuant to California Business & Professions Code Section 17200, plaintiff is also entitled to an award of all of its reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

## **DEMAND FOR JUDGMENT**

WHEREFORE, plaintiff Resveratrol Partners LLC requests and demands that this Court enter judgment in its favor and against the defendants Jon Mayne and Does 1 through 20, jointly and severally, as follows:

1. On each of the First, Second, Third and Fourth Claims for Relief, for temporary, preliminary and permanent injunctive relief enjoining and restraining defendant Mayne and the said competitors from making or publishing false or misleading statements about Resveratrol Partners LLC or Longevinex, including without limitation the false and misleading statements described above, and prohibiting any use of or reference to Resveratrol Partners or Longevinex in violation of 15 U.S.C. § 1135.

2. On each of the First and Second Claims for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, for exemplary damages in an amount to be proven at trial, and for all costs of suit.

3. On the Third Claim for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, and, pursuant to 15 U.S.C. § 1117(a), for an award of treble damages and of defendant Mayne's profits from the false and misleading statements, and the acts and conduct, of defendant Mayne as described above, and for an award of all of plaintiff's reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

4. On the Fourth Claim for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, and for an award of all of plaintiff's reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

PLAINTIFF RESVERATROL PARTNERS LLC HEREBY DEMANDS A TRIAL BY JURY ON EACH CLAIM FOR RELIEF ALLEGED BY IT IN THIS ACTION.

Dated: September 9, 2009

LAW OFFICES OF CHRISTOPHER NORGAARD

By _/s/ Christopher Norgaard_
Christopher Norgaard,
Attorneys for Plaintiff RESVERATROL PARTNERS LLC

Name & Address:
CHRISTOPHER NORGAARD (SBN87996)
LAW OFFICES OF CHRISTOPHER NORGAARD
633 West Fifth Street, Suite 2600
Los Angeles, California 90071
Telephone: (213) 223-2030

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESVERATROL PARTNERS LLC,<br><br>PLAINTIFF(S)<br>v.<br><br>JON MAYNE, individually and doing business as RESVERATROLBENEFITS.COM, and DOES 1 through 10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-6536 FMC AJWx<br><br>SUMMONS |

TO: DEFENDANT(S): JON MAYNE, individually and doing business as RESVERATROLBENEFITS.COM

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher Norgaard_____, whose address is _633 West Fifth Street, Suite 2600, Los Angeles, California 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP - 9 2009__    By: __NATALIE LONGORIA__
                                Deputy Clerk

(Seal of the Court)

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12 07)                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

### CV09- 6536 FMC (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY