```
CHRISTOPHER NORGAARD (SBN87996)
LAW OFFICES OF CHRISTOPHER NORGAARD
633 West Fifth Street
Suite 2600
Los Angeles, California 90071
Telephone: (213) 223-2030
Facsimile: (213) 223-2029
Email: cnorgaard@regentbc.com
```

Attorneys for Plaintiff RESVERATROL PARTNERS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESVERATROL PARTNERS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>JON MAYNE, individually and doing business as RESVERATROLBENEFITS.COM, PAUL TANDHASETTI, individually and doing business as RESVERATROLBENEFITS.COM, and DOES 1 through 10, Inclusive,<br><br>  Defendants. | CASE NO. CV 09-06536 JHN (AJWx)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1) LIBEL;<br>(2) DISPARAGEMENT;<br>(3) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT; and<br>(4) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200<br><br>JURY TRIAL REQUESTED |

For its First Amended Complaint against defendants Jon Mayne and Paul Tandhasetti, each individually and doing business as ResveratrolBenefits.com, plaintiff Resveratrol Partners LLC ("plaintiff") states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Court has original, subject matter jurisdiction of the Third Claim for Relief in this action under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the other claims for relief in this action (the First, Second and Fourth Claims for Relief)

- 1 -
FIRST AMENDED COMPLAINT

under 28 U.S.C. § 1367, because each of them is so related to the Third Claim for Relief that it forms part of the same case and controversy under Article III of the United States Constitution.

2. This Court has personal jurisdiction over the defendant in this action, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to each of the claims for relief alleged herein occurred in this judicial district.

3. Plaintiff Resveratrol Partners LLC is a limited liability company organized under the laws of the State of Nevada, having its principal places of business in the States of Nevada and California, and doing business throughout the United States and, via the Internet, the world.

4. Defendant Jon Mayne ("Mayne") is an individual doing business as ResveratrolBenefits.com, as set forth in the next sentence immediately below, throughout the United States, and, via the Internet, the world. Plaintiff is informed and believes, and based thereon alleges, that defendant Mayne was and is a developer of and writer of content for and on the website ResveratrolBenefits.com. Defendant Mayne states on the said website that his address and telephone number are in San Francisco, California, but the said address and telephone number are in fact those of a United Parcel Service store. United Parcel Service has informed plaintiff that defendant Mayne does not have an account or mailbox at the said store.

5. Defendant Paul Tandhasetti ("Tandhasetti") is an individual doing business as ResveratrolBenefits.com and is the owner of the website ResveratrolBenefits.com. Defendant Tandhasetti's business address is in, and the offices of ResveratrolBenefits.com are located in, Dania Beach, Florida.

6. Plaintiff is ignorant of the complete identities and roles of each of the defendants sued herein under the fictitious names Does 1 through 20. Each of the defendants sued herein under the fictitious names of Does 1 through 20 has been and is aware of the false and misleading statements, and acts and conduct, of defendants Mayne and Tandhasetti alleged herein, and has participated in and directly and proximately caused such false and misleading statements, and acts and conduct, including without limitation by funding such false and misleading statements, and acts and conduct, by purchase of advertising and otherwise. Plaintiff is therefore informed and believes, and based thereon alleges, that

each of the defendants named herein as Does 1 through 20 is responsible and liable in the same manner as defendants Mayne and Tandhasetti for each of the false and misleading statements, and acts and conduct, described herein, and is therefore jointly and severally liable to Plaintiff for all of the damages alleged herein, all as more fully set forth below. As to each of Does 1 through 20, Plaintiff will amend this Complaint when it ascertains its, his or her identity to set forth specifically that identity herein.

## FIRST CLAIM FOR RELIEF, FOR LIBEL, AGAINST ALL DEFENDANTS

7. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 6 above.

8. Plaintiff Resveratrol Partners LLC ("Resveratrol Partners") is the sole developer, manufacturer and seller of Longevinex, which is the leading resveratrol dietary supplement sold in the United States. Resveratrol is a well-known phytoalexin produced by several plants under certain circumstances and also by chemical synthesis. When formulated and manufactured according to certain proprietary formulas and standards, such as in the product Longevinex, it has been shown to produce health benefits in mice and other animals, and in humans.

9. Defendants Jon Mayne and Paul Tandhasetti maintain and publish, and defendant Tandhasetti owns, the ResveratrolBenefits.com website (the "Website") as a purported product review and evaluation service. In fact, however, Mayne, Tandhasetti and the Website have made and continue to make false and misleading statements about Longevinex and Resveratrol Partners, which are funded by, and are for the direct commercial benefit of, competitors of Resveratrol Partners. Defendants Mayne and Tandhasetti each write, edit and are responsible for the said false and misleading statements.

10. Among the said false and misleading statements on the Website have been and are the following. The Website posts a price for Longevinex that is more than twice the actual sales price of Longevinex. The Website also states that Longevinex is "less effective" than other, purportedly competitive products, and is "not truly effective," whereas in fact Longevinex is the only resveratrol product whose efficacy has been established by human and animal studies and by scientific research. The Website further states that "there are no truly free trials of Longevinex available," whereas in fact "free trials" are meaningless for a product to be taken over a period of months and years, and when purported

"free trials" of competitive products have in fact been widely linked to deceptive practices including without limitation overbilling of consumers' credit cards.

11. Among the competitors of Resveratrol Partners who have funded and are funding the Website, for whose direct commercial benefit the Website has been and is maintained and published, and whose names and electronic links have been and are shown on the Website, have been and are companies making "free bottle offers" that have been the subject of thousands of complaints with Better Business Bureaus and that have resulted in consumers' credit cards being charged for products not specifically ordered.

12. Defendants Mayne and Tandhasetti, and the said competitors, knew that the false and misleading statements on the Website about Resveratrol Partners and Longevinex were false and misleading at the time they were made and published.

13. As a result of its substantial research, product development, testing, and investment and expenditures of funds, as described in part in paragraph 8 above, Resveratrol Partners has built up substantial goodwill, business and reputation, all of which are immediately threatened with irreparable injury by the false and misleading statements, and acts and conduct, of defendants Mayne and Tandhasetti, as described above. Defendants Mayne and Tandhasetti, and the said competitors, made and are making the false and misleading statements, and have engaged and are engaging in the acts and conduct, described above with the specific intent of substantially and irreparably injuring the goodwill, business and reputation of Resveratrol Partners and Longevinex, for the direct and immediate commercial benefit of Mayne, Tandhasetti and the said competitors.

14. Indeed, Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. . .

15. The false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, have been and are being made and committed

1  with oppression and malice, so as to require and justify an award of exemplary damages in favor of
2  Resveratrol Partners in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF, FOR DISPARAGEMENT, AGAINST ALL DEFENDANTS**

16. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 15 above.

17. The false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above constitute trade libel, in that defendants Mayne and Tandhasetti, and the said competitors, have made and continue to make false, injurious and derogatory statements about Longevinex, which has caused and continues to cause Resveratrol Partners to suffer pecuniary damages.

18. The said disparagement by trade libel of defendants Mayne and Tandhasetti, and the said competitors, immediately threatens to irreparably and further injure the substantial goodwill, business and reputation of Resveratrol Partners, as described above. Defendants Mayne and Tandhasetti, and the said competitors, made the false and misleading statements, and engaged in the acts and conduct, described above with the specific intent of substantially and irreparably injuring the goodwill, business and reputation of Resveratrol Partners and Longevinex, for the direct and immediate commercial benefit of Mayne, Tandhasetti and the said competitors.

19. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000.

20. The false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, have been and are being made and committed with oppression and malice, so as to require and justify an award of exemplary damages in favor of Resveratrol Partners in an amount to be proven at trial.

//
//

**THIRD CLAIM FOR RELIEF, FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125), AGAINST ALL DEFENDANTS**

21. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 20 above.

22. The false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, have been and are being made and committed by them in connection with their goods and services, in interstate commerce, and include use of the Longevinex trademark and name, and the Resveratrol Partners name, and false and misleading descriptions and representations of fact about Longevinex and Resveratrol Partners. The said false and misleading descriptions and representations have been and are being used by defendants Mayne and Tandhasetti, and the said competitors, in commercial advertising and promotion, have willfully and intentionally misrepresented the nature, characteristics and qualities of Longevinex and of the services and commercial activities of Resveratrol Partners, and continue to willfully and intentionally misrepresent the nature, characteristics and qualities of Longevinex and of the services and commercial activities of Resveratrol Partners, all in violation of the Lanham Act, 15 U.S.C. § 1125.

23. Longevinex is, and has been since December 13, 2005, a mark registered by Resveratrol Partners with the United States Patent and Trademark Office.

24. The false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described in paragraph 22 above, immediately threaten to further and irreparably injure the substantial goodwill, business and reputation of Resveratrol Partners, as described above.

25. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. Pursuant to 15 U.S.C. § 1117(a), plaintiff is also entitled to an award of treble damages and of defendants Mayne's and Tandhasetti's profits from the false and

misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti as described above, and to an award of all of its reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

### FOURTH CLAIM FOR RELIEF, FOR UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200, AGAINST ALL DEFENDANTS

26. Plaintiff here incorporates by reference as if fully set forth each of the facts and allegations set forth in paragraphs 1 through 25 above.

27. The false and misleading statements, and acts and conduct, of defendants Mayne and Tandhasetti, and the said competitors, as described above have constituted and do constitute unfair competition under California Business & Professions Code Section 17200, because they have included and do include unlawful, unfair and fraudulent business acts and practices, and unfair, deceptive, untrue and misleading advertising and acts.

28. The said unfair competition by defendants Mayne and Tandhasetti, and the said competitors, as described above, immediately threatens to further and irreparably injure the substantial goodwill, business and reputation of Resveratrol Partners, as described above.

29. Resveratrol Partners has already been damaged as a direct, proximate, substantial and foreseeable result of the unfair competition of defendants Mayne and Tandhasetti, and the said competitors, as described above, in an amount to be proven at trial but which in any event exceeds $100,000. Pursuant to California Business & Professions Code Section 17200, plaintiff is also entitled to an award of all of its reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

### DEMAND FOR JUDGMENT

WHEREFORE, plaintiff Resveratrol Partners LLC requests and demands that this Court enter judgment in its favor and against each and all of the defendants Jon Mayne, Paul Tandhasetti and Does 1 through 20, jointly and severally, as follows:

//

//

1. On each of the First, Second, Third and Fourth Claims for Relief, for temporary, preliminary and permanent injunctive relief enjoining and restraining defendants Mayne and Tandhasetti, and the said competitors, from making or publishing false or misleading statements about Resveratrol Partners LLC or Longevinex, including without limitation the false and misleading statements described above, and prohibiting any use of or reference to Resveratrol Partners or Longevinex in violation of 15 U.S.C. § 1135.

2. On each of the First and Second Claims for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, for exemplary damages in an amount to be proven at trial, and for all costs of suit.

3. On the Third Claim for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, and, pursuant to 15 U.S.C. § 1117(a), for an award of treble damages and of defendants Mayne's and Tandhasetti's profits from the false and misleading statements, and the acts and conduct, of defendants Mayne and Tandhasetti as described above, and for an award of all of plaintiff's reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

4. On the Fourth Claim for Relief, for damages in an amount to be proven at trial but which in any event exceeds $100,000, and for an award of all of plaintiff's reasonable attorneys' fees and costs incurred in connection with this action, including without limitation expert witness fees and costs.

**PLAINTIFF RESVERATROL PARTNERS LLC HEREBY DEMANDS A TRIAL BY JURY ON EACH CLAIM FOR RELIEF ALLEGED BY IT IN THIS ACTION.**

Dated: February 24, 2010                    LAW OFFICES OF CHRISTOPHER NORGAARD

By _____
Christopher Norgaard,
Attorneys for Plaintiff RESVERATROL PARTNERS LLC

FIRST AMENDED COMPLAINT